THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES WASHINGTON, JR., <br><br> Plaintiff, <br><br> v. <br><br> VILLAGE OF BOLINGBROOK, a Municipal Corporation, Bolingbrook police officer DAVID SCHURR III (Star # 1219), Bolingbrook police officer SERGIO PIMENTEL (Star # 1214), <br><br> Defendants. | No. 21-cv-2792 <br><br> *Jury Trial Demanded.* |

## COMPLAINT AT LAW

NOW COMES Plaintiff JAMES WASHINGTON, JR., by his attorney, Law Office of Jordan Marsh, complaining of the Defendants, VILLAGE OF BOLINGBROOK, a Municipal Corporation, Bolingbrook police officer SERGIO PIMENTEL, and Bolingbrook police officer DAVID SCHURR III, and states the following:

### JURSDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

1

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the federal claims. Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

**PARTIES**

4. At all times relevant herein, Plaintiff JAMES WASHINGTON, JR. (hereinafter "James") was a resident of the County of Will, State of Illinois, and a citizen of the State of Illinois. At the time of the incident in question, James was 5'6" tall, and weighed approximately 135 pounds.

5. Defendant VILLAGE OF BOLINGBROOK is a governmental entity operating within the State of Illinois. The VILLAGE OF BOLINGBROOK is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, VILLAGE BOLINGBROOK was the employer of Defendants SCHURR and PIMENTEL (collectively referred to as "Defendant officers").

6. Defendant PIMENTEL is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant VILLAGE OF BOLINGBROOK, and was acting within the scope of his agency, service and/or employment with the VILLAGE OF BOLINGBROOK, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

7. Defendant SCHURR is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant VILLAGE OF BOLINGBROOK, and was acting

within the scope of his agency, service and/or employment with the VILLAGE OF BOLINGBROOK, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

## FACTUAL ALLEGATIONS

8. On or about August 27, 2020, Defendants SCHURR and PIMENTEL were called to the address of 406 Wellington Lane, in Bolingbrook, Illinois.

9. The officers had been called by James' fiancee, Charisse Hardamon ("Charisse"), because James had taken her phone.

10. Defendant PIMENTEL ordered James to return Charisse's cell phone.

11. James returned Charisse's cell phone to her.

12. Defendant PIMENTEL asked Charisse if she wanted to press charges against James.

13. Charisse said she did not want to press charges.

14. Defendant PIMENTEL then informed both James and Charisse that he could arrest both of them and have their children removed from the home.

15. Defendant PIMENTEL asked James if he wanted to go to jail.

16. James asked why he would have to go to jail.

17. Defendant PIMENTEL again asked James if he wanted to go to jail.

18. James again asked why he would have to go to jail.

19. Defendant PIMENTEL again asked James if he wanted to go to jail.

20. James again asked why he would have to go to jail.

21. Defendant PIMENTEL approached James and told him to put his hands behind his back, then placed a handcuff on James' right wrist.

22. James turned his head toward Defendant PIMENTEL and asked him why he was getting arrested.

23. At this point, Defendant SCHURR rushed up to James, said something about resisting arrest, and the two Defendant officers violently pushed James toward his deep freezer, and bent him over the freezer.

24. While the Defendant officers had James against the deep freezer, one or both of them handcuffed his left hand so that both of his hands were cuffed.

25. At this point, Defendant SCHURR repeatedly punched James in his head.

26. After Defendant SCHURR punched James in his head, both officers turned him around and threw him to the floor. James landed on his chest with his hands cuffed behind his back.

27. While James was lying on the ground on his stomach with his arms handcuffed behind his back, both Defendant officers repeatedly punched James in his head and face, and Defendant SCHURR repeatedly and forcefully struck James' ribs with his knee.

28. James was transported to the Bolingbrook Police Station, where he complained of rib pain. As a result, James was taken by ambulance to Bolingbrook Hospital, where he was informed he had one or more fractured ribs.

### COUNT I – FEDERAL CLAIM
### 42 U.S.C. § 1983 EXCESSIVE FORCE
### DEFENDANTS PIMENTEL, SCHURR

29. Each paragraph of this Complaint is incorporated as if restated fully herein.

30. The force used against James by each Defendant Officer was unnecessary and objectively unreasonable.

31. The actions of Defendants SCHURR and PIMENTEL constituted unreasonable, unjustifiable, and excessive force against James, violating his rights under the Fourth Amendment to the United States Constitution through 42 U.S.C., § 1983.

32. As a direct and proximate cause of the above-described actions of Defendants SCHURR and PIMENTEL, James suffered severe pecuniary damages, including severe physical and emotional pain and suffering, injury, grief, lost wages, and loss of normal life.

33. WHEREFORE, the Plaintiff, JAMES WASHINGTON, JR., prays for judgment against Defendants SCHURR and PIMENTEL, in a fair and reasonable amount, including compensatory damages, punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

### COUNT II – FEDERAL CLAIM
### 42 U.S.C. § 1983 FAILURE TO INTERVENE
### DEFENDANTS SCHURR, PIMENTEL

34. Each paragraph of this Complaint is incorporated as if restated fully herein.

35. Both Defendant Officers had a reasonable opportunity to prevent the violation of James' constitutional rights as set forth above, but each failed and refused to do so.

36. As a result of Defendants SCHURR and PIMENTEL's unconstitutional failure to intervene, James suffered severe pecuniary damages, including severe physical and emotional pain and suffering, injury, grief, lost wages, and loss of normal life.

37. As a direct and proximate cause of Defendants SCHURR and PIMENTEL's unconstitutional failure to intervene, James has suffered severe pecuniary damages, including severe physical and emotional pain and suffering, injury, and loss of normal life.

WHEREFORE, the Plaintiff, JAMES WASHINGTON, JR., prays for judgment against Defendants SCHURR and PIMENTEL, in a fair and reasonable amount, including compensatory damages, punitive damages, reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

### COUNT III – STATE LAW CLAIM
### BATTERY
### VILLAGE OF BOLINGBROOK

38. Each paragraph of this Complaint is incorporated as if restated fully herein.

39. Defendant VILLAGE OF BOLINGBROOK, by and through its agents, Defendants SCHURR and PIMENTEL, knowingly and without legal justification or permission, harmfully and/or offensively touched James, thereby constituting battery under Illinois law.

40. As a direct and proximate cause of Defendant's conduct, James suffered severe pecuniary damages, including severe physical and emotional pain and suffering, injury, grief, lost wages, and loss of normal life.

41. WHEREFORE, the Plaintiff, JAMES WASHINGTON, JR., prays for judgment against Defendant VILLAGE OF BOLINGBROOK, in a fair and reasonable amount, including

compensatory damages, punitive damages, for reasonable attorney's fees and costs, and for any additional relief this Court deems just and proper.

### COUNT IV -- STATE LAW CLAIM
### INDEMNIFICATION
### DEFENDANT VILLAGE OF BOLINGBROOK

42. Each paragraph of this Complaint is incorporated as if restated fully herein.

43. At all relevant times, VILLAGE OF BOLINGBROOK was the employer of Defendants SCHURR and PIMENTEL.

44. Defendants SCHURR and PIMENTEL committed the acts alleged above under color of law and in the scope of their employment as employees of the VILLAGE OF BOLINGBROOK.

45. Illinois law provides that governmental entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

46. Should Defendants SCHURR and PIMENTEL, be found liable on one or more of the claims set forth above, Plaintiff JAMES WASHINGTON demands, pursuant to Illinois law, that their employer, Defendant VILLAGE OF BOLINGBROOK, be found liable for any judgment plaintiff obtains against Defendants SCHURR and PIMENTEL, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

### JURY DEMAND

The Plaintiff JAMES WASHINGTON, JR., hereby requests a trial by jury.

**DATED:** May 24, 2021.

                Respectfully submitted,

        By:    <u>/s/ Jordan Marsh</u>
                Attorney for Plaintiff

**LAW OFFICE OF JORDAN MARSH**
5250 Old Orchard Road
Suite 300
Skokie IL 60077
(312) 401-5510
jordan@jmarshlaw.com